Approved: _____
ANTONIA M. APPS
Assistant United States Attorney

Before:    _____
HONORABLE GEORGE A. YANTHIS
United States Magistrate Judge
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA          :

          v.                       :    SEALED
                                        COMPLAINT
JHAMEL SEAN FRANCIS, KENNETH       :
FRANCIS, CLAUDIA FRANCIS,               Violations of 18 U.S.C.
EBONY DENNIS, DOMINIK RAWLE and   :    §§ 1029(a)(5) and 371
LENNIE A. NURSE, JR.,
                                   :
          Defendants                    COUNTY OF OFFENSE:
                                   :    WHITE PLAINS

                                   :
- - - - - - - - - - - - - - - - - X

STATE OF NEW YORK              ): ss.:
SOUTHERN DISTRICT OF NEW YORK  )

     CORDEL JAMES, being duly sworn, deposes and says that she is a Special Agent of the Federal Bureau of Investigation ("FBI"), and charges as follows:

                    COUNT ONE

     1.   From at least in or about August 2006, to in or around April 2007, in the Southern District of New York and elsewhere, JHAMEL SEAN FRANCIS, KENNETH FRANCIS, CLAUDIA FRANCIS, EBONY DENNIS, DOMINIK RAWLE, and LENNIE A. NURSE, JR., the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1029(5).

     2.   It was a part and an object of the conspiracy that

JHAMEL SEAN FRANCIS, KENNETH FRANCIS, CLAUDIA FRANCIS, EBONY DENNIS, DOMINIK RAWLE, and LENNIE A. NURSE, JR., the defendants, and others known and unknown, unlawfully, willfully, knowingly, and with intent to defraud did effect transactions with at least eight access devices issued to other persons, to receive payment and other things of value during a one-year period the aggregate value of which exceeded $100,000.

### Overt Acts

3. In furtherance of the conspiracy and to effect its unlawful object, JHAMEL SEAN FRANCIS, KENNETH FRANCIS, CLAUDIA FRANCIS, EBONY DENNIS, DOMINIK RAWLE, and LENNIE A. NURSE, JR., the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a) On or about September 19, 2006, in Paramus, New Jersey, JHAMEL SEAN FRANCIS did return for credit to his own credit card goods in the amount of $322.14 that had been purchased in White Plains, New York on or about August 22, 2006 with a credit card belonging to another person.

   b) On or about September 16, 2006, in Short Hills, New Jersey, KENNETH FRANCIS did return for credit to his own credit card goods in the amount of $749.73 that had been purchased in White Plains, New York on or about August 22, 2006 using a credit card belonging to another person.

   c) On or about August 25, 2006, in Garden City, New York, CLAUDIA FRANCIS did return for credit to her own credit card goods in the amount of $874.43 that had been purchased in Garden City, New York on or about August 22, 2006 using a credit card belonging to another person.

   d) On or about July 25, 2006, in Garden City, New York, EBONY DENNIS did return for credit to her own credit card goods in the amount of $288.95 that had been purchased in Garden City, New York on or about July 2, 2006 using a credit card belonging to another person.

   e) On or about August 2, 2006, in King of Prussia, Pennsylvania, DOMINIK RAWLE did return for cash goods in the amount of $651.72 that had been purchased in Westbury, New York on or about July 3, 2006 using a credit card belonging to another person.

   f) On or about August 12, 2006, in King of

Prussia, Pennsylvania, LENNIE A. NURSE, JR. did return for credit to his own credit card goods in the amount of $879.50 that had been purchased in Freehold, New Jersey on or about August 5, 2006 using a credit card belonging to another person.

(Title 18, United States Code, Section 371.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5. I am a Special Agent of the Federal Bureau of Investigation. I have personally investigated the facts and circumstances set forth below. I have examined reports and records, and I have interviewed law enforcement officers and some of the true owners of the compromised credit cards. This affidavit is based upon my personal investigation, and is being submitted for the limited purpose of establishing probable cause. This affidavit does not include all of the facts that I have learned during my investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. In the course of conducting this investigation into access device fraud, I obtained and reviewed records of numerous banks and credit card companies, including Discover Card, Citibank, Commerce Bank, PNC Bank, Municipal Credit Union, Bank of America, and Wachovia Bank NA. I also obtained and reviewed records of various retail department stores. I also obtained records from the New York Department of Motor Vehicles and other law enforcement sources.

7. The records indicate that JHAMEL SEAN FRANCIS, KENNETH FRANCIS, CLAUDIA FRANCIS, EBONY DENNIS, DOMINIK RAWLE, and LENNIE A. NURSE, JR., the defendants, did obtain credit cards belonging to others and used those credit cards to purchase goods and service worth over $100,000. The fraudulent transactions fraudulent effected by each of them include the following:

a) On January 8, 2006, the credit card of Victim 1 was used to purchase goods in the total amount of $1,067.14 at a retail store in Westbury, New York. I have spoken to Victim 1 and Victim 1 has confirmed that this transaction was unauthorized. The retail store's records show that some of the goods purchased on January 8, 2006 for the total amount of $1,067.14 were returned to different stores in the same retail chain for credit to a different credit card in the amounts of

$502.33 and $211.80 on August 8 and 9, 2006 respectively. These two amounts appear as credits on August 8 and 9, 2006 respectively in the bank account for the credit card belonging to JHAMEL SEAN FRANCIS. In addition, a video recording from the retail store where the goods were returned on August 9, 2006 shows that the individual making the return was JHAMEL SEAN FRANCIS.

   b) On September 21, 2006, the credit card of Victim 2 was used to purchase goods in the amounts of $722.25 and $588.50 at two stores in the same retail chain, the first in Short Hills, New Jersey and the second in Paramus, New Jersey. Victim 2 has confirmed with the credit card company that these transactions were unauthorized. On October 9, 2006, these goods were returned to two different stores in the same retail chain for credit to a different credit card in the amounts of $722.25 and $588.50. These two amounts appear as credits on October 9, 2006 in the bank account for the credit card belonging to JHAMEL SEAN FRANCIS.

   c) On August 22, 2006, the credit card of Victim 3 was used to purchase goods in the amount of $322.14 a retail store located in White Plains, New York. Victim 3 has confirmed with the credit card company that this transactions was unauthorized. On September 19, 2006, the goods were returned to another store in the same retail chain for two credits in the amounts of $108.55 and $213.59. These two amounts appear as credits on September 19, 2006 in the bank account for the credit card belonging to JHAMEL SEAN FRANCIS.

   d) On August 22, 2006, the credit card of Victim 3 was used to purchase goods in the amounts of $749.73 and $972.19 at two stores in the same retail chain, one in White Plains, New York and the other in Garden City, New York. Victim 3 has confirmed with the credit card company that these transactions were unauthorized. On September 16, 2006, these goods were returned to two different stores in the same retail chain for credit to a different credit card in the amounts of $749.73 and $972.19. These two amounts appear as credits on September 16, 2006 in the bank account for the credit card belonging to KENNETH FRANCIS.

   e) On August 22, 2006, the credit card of Victim 3 was used to purchase goods in the amounts of $1,122.10 and $502.44 at two stores in the same retail chain, one in Garden City, New York, the other in Westbury, New York. Victim 3 has confirmed with the credit card company that the transactions were unauthorized. The retail store's records show that some of the

goods purchased on August 22, 2006 for the total amount of $1,122.10 were returned to the same store for credit to a different credit card in the amounts $874.43 and $247.67 on August 25 and 28, 2006 respectively. These two amounts appear as credits on August 25 and 28, 2006 in the bank account for the credit card belonging to CLAUDIA FRANCIS. Further, the retail store's records show that some of the goods purchased on August 22, 2006 for the total amount of $502.44 were returned to the same store for credit to a different credit card in the amounts of $104.59 and $104.59 (that is, the same amount credited twice) on September 5, 2006. This amount appears twice as credits on September 5, 2006 in the bank account for the credit card belonging to CLAUDIA FRANCIS.

      f) On April 17, 2007, the credit card of Victim 4 was used to purchase goods in the amount of $299.99 at a retail store in Valley Stream, New York. I have spoken to Victim 4 and Victim 4 has confirmed that this transaction was unauthorized. The goods were returned to the same store on April 19, 2007, and a gift card was received in exchange. The gift card was then used on the same day to purchase different goods which required installation in a car. The installation, in turn, required the customer to sign a "workorder" form. The name signed and address given on the workorder were those of CLAUDIA FRANCIS.

      g) On July 3, 2006, the credit card of Victim 5 was used to purchase goods in the amount of $785.36 at a retail store in Garden City, New York. Victim 5 has confirmed with the credit card company that the transaction was unauthorized. The goods were returned to the same store on July 12, 2006 for credit to a different credit card. The amount of $785.36 appears as a credit on July 12, 2006 in the bank account for the credit card belonging to EBONY DENNIS.

      h) On July 2, 2006, the credit card of Victim 5 was used to purchase goods in the amount of $814.62 at a retail store in Westbury, New York. Victim 5 has confirmed with the credit card company that the transaction was unauthorized. The retail store's records show that some of the goods purchased on July 2, 2006 for the total amount of $814.62 were returned to the same store for credit to a different credit card in the amount of $162.90 on July 25, 2006. This amount appears as a credit on July 25, 2006 in the bank account for the credit card belonging to EBONY DENNIS.

      i) On July 2, 2006, the credit card of Victim 5 was used to purchase goods in the amount of $1,175.32 at a retail store in Garden City, New York. Victim 5 has confirmed with the

credit card company that the transaction was unauthorized. The retail store's records show that some of the goods purchased on July 2, 2006 for the total amount of $1,175.32 were returned to the same store for credit to a different credit card in the amount of $288.95 on July 25, 2006. This amount appears as a credit on July 25, 2006 in the bank account for the credit card belonging to EBONY DENNIS.

j) On August 4, 2006, the credit card of Victim 6 was used to purchase goods in the amount of $858.14 at a retail store in Garden City, New York. Victim 6 has confirmed with the credit card company that the transaction was unauthorized. The retail store's records show that some of the goods purchased on August 4, 2006 for the total amount of $858.14 were returned to a different store in the same retail chain in the amount of $537.70 on August 26, 2006. Cash was received in exchange for the return of the goods. The records provided by the retail store show that the person who received the cash identified himself as DOMINIK RAWLE.

k) On July 3, 2006, the credit card of Victim 5 was used to purchase goods in the amount of $651.72 at a retail store in Westbury, New York. Victim 5 has confirmed with the credit card company that the transaction was unauthorized. The goods were returned on August 2, 2006 to a different store in the same retail chain in exchange for cash in the amount of $651.72. The records provided by the retail store show that the person who received the cash identified himself as DOMINIK RAWLE.

l) On August 5, 2006, the credit card of Victim 6 was used to purchase goods in the amount of $879.50 at a retail store in Freehold, New Jersey. Victim 6 has confirmed with the credit card company that the transaction was unauthorized. On August 12, 2006, the goods were returned to a different store in the same retail chain for credit to a different credit card in the amount of $879.50. This amount appears as a credit on August 12, 2006 in the bank account for the credit card belonging to LENNIE A. NURSE, JR.

m) On August 4, 2006, the credit card of Victim 6 was used to purchase goods in the amount of $651.69 at a retail store in Westbury, New York. Victim 6 has confirmed with the credit card company that the transaction was unauthorized. The goods were returned to a different store in the same retail chain for credit to a different credit card in the amount of $651.69. The same amount appears as a credit on August 12, 2006 in the bank account for the credit card belonging to LENNIE A. NURSE, JR.

   8. Records of one of the credit card companies show that the address for the credit card belonging to Victim 7 was changed to 3 Mimi Drive, Monroe Township, New Jersey. Public records indicate that the KENNETH FRANCIS and CLAUDIA FRANCIS, the defendants, have at some point used this address. It is also the address on a bank account belonging to DOMINIK RAWLE, the defendant. The credit card of Victim 7 was used to make unauthorized purchases in an amount exceeding $8,000.

   9. JHAMEL SEAN FRANCIS, KENNETH FRANCIS, CLAUDIA FRANCIS, EBONY DENNIS, DOMINIK RAWLE, and LENNIE A. NURSE, JR., the defendants, used the credit cards of the various victims interchangeably. For example:

    a) CLAUDIA FRANCIS and KENNETH FRANCIS both used the credit card of Victim 3 to effect fraudulent transactions.

    b) DOMINIK RAWLE and EBONY DENNIS both used the credit card of Victim 5 to effect fraudulent transactions.

    c) LENNIE A. NURSE, JR., JHAMEL SEAN FRANCIS, and DOMINIK RAWLE all used the credit card of Victim 6 to effect fraudulent transactions.

    d) JHAMEL SEAN FRANCIS and KENNETH FRANCIS both used the credit card of Victim 7 to effect fraudulent transactions.

    e) KENNETH FRANCIS and EBONY DENNIS both used the credit card of Victim 8 to effect fraudulent transactions.

WHEREFORE, deponent prays that JHAMEL SEAN FRANCIS, KENNETH FRANCIS, CLAUDIA FRANCIS, EBONY DENNIS, DOMINIK RAWLE, and LENNIE A. NURSE, JR., the defendants, be arrested and imprisoned, or bailed, as the case may be.

_____
CORDEL JAMES
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me this
27th day of June, 2007

_____
HONORABLE GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK